AF Approval _____   Chief Approval _CCB_

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA

v.                          CASE NO. 8:19-cr-571-T-33AEP

ROBERT BOEHME

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by

Maria Chapa Lopez, United States Attorney for the Middle District of

Florida, and the defendant, Robert Boehme, and the attorney for the

defendant, Damian M. Ozark, mutually agree as follows:

**A.    Particularized Terms**

1.    Counts Pleading To

The defendant shall enter a plea of guilty to Counts One and

Three of the indictment. Count One charges the defendant with receipt of

child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). Count

Three charges the defendant with knowingly possessing child pornography, in

violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).

2.    Minimum and Maximum Penalties

Count One is punishable by a mandatory minimum term of

imprisonment of five years up to twenty years, a fine of up to $250,000, a term

Defendant's Initials _RB_

of supervised release of at least five years up to life, and a special assessment of $100. Count Three is punishable by a maximum term of twenty years' imprisonment, a fine of up to $250,000, a term of supervised release of at least five years up to life, and a special assessment of $100. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense, or to the community, as set forth below.

Additionally, pursuant to 18 U.S.C. § 3014, the Court shall impose a $5,000 special assessment on any non-indigent defendant convicted of an offense in violation of certain enumerated statutes involving: (1) peonage, slavery, and trafficking in persons; (2) sexual abuse; (3) sexual exploitation and other abuse of children; (4) transportation for illegal sexual activity; or (5) human smuggling in violation of the Immigration and Nationality Act (exempting any individual involved in the smuggling of an alien who is the alien's spouse, parent, son or daughter).

3. <u>Apprendi v. New Jersey</u>

Under <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), a maximum sentence of up to 20 years' imprisonment may be imposed on Count Three because the following facts have been admitted by the defendant

and are established by this plea of guilty: The defendant knowingly possessed at least one item of child pornography depicting a prepubescent minor or a minor who had not attained 12 years of age.

4.    <u>Elements of the Offenses</u>

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty.

The elements of Count One are:

<u>First</u>:         The defendant knowingly received a visual depiction;

<u>Second</u>:     The depiction was shipped or transported in interstate or foreign commerce by any means, including computer;

<u>Third</u>:       Producing the visual depiction involved using a minor engaged in sexually explicit conduct;

<u>Fourth</u>:     The depiction is of a minor engaged in sexually explicit conduct; and

<u>Fifth</u>:        The defendant knew that at least one performer in the visual depiction was a minor and knew that the depiction showed the minor engaged in sexually explicit conduct.

The elements of Count Three are:

<u>First</u>:        The defendant knowingly possessed one or more matters that contained any visual depiction of a minor engaged in sexually explicit conduct;

<u>Second</u>:     The defendant knew the visual depiction contained in the matters was of a minor engaged in sexually explicit conduct;

Defendant's Initials _ℛℬ_                    3

<u>Third</u>:     The defendant knew that the production of such a visual depiction involved the use of a minor in sexually explicit conduct; and

<u>Fourth</u>:    The visual depiction had been transported in interstate or foreign commerce.

5.    <u>Counts Dismissed</u>

At the time of sentencing, the remaining count against the defendant, Count Two, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

6.    <u>No Further Charges</u>

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement.

7.    <u>Mandatory Restitution to Victims of Offense of Conviction</u>

Pursuant to 18 U.S.C. § 2259, defendant agrees to make restitution to known victims of the offense for the full amount of the victims' losses as determined by the Court. Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

Defendant's Initials _*RB*_          4

8.  <u>Guidelines Sentence</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

9.  <u>Acceptance of Responsibility - Three Levels</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant

Defendant's Initials _*RB*_                    5

complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

10.   Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 2253, whether in the possession or control of the United States, the defendant or defendant's nominees.

The assets to be forfeited specifically include, but are not limited to, the following: a Dell desktop computer with serial number CC77K02, a Western Digital external hard drive with serial number WXN109NX2845, and a Western Digital external hard drive with serial number WXD1A1452592.

Defendant's Initials _NB_                6

The defendant additionally agrees that since the criminal proceeds have been transferred to third parties and cannot be located by the United States upon the exercise of due diligence, the preliminary and final orders of forfeiture should authorize the United States Attorney's Office to conduct discovery (including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas), pursuant to Rule 32.2 (b) (3) of the Federal Rules of Criminal Procedure, to help identify, locate, and forfeit substitute assets.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to Rule

Defendant's Initials _RB_                    7

32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers. To that end, the defendant

agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this Plea Agreement. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. The Defendant expressly consents to the forfeiture of any substitute assets sought by the Government. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including satisfaction of any preliminary order of forfeiture for proceeds, is collected in full.

11.   Sex Offender Registration and Notification

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following

jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

**B.   Standard Terms and Conditions**

    1.    Restitution, Special Assessment and Fine

        The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such

counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing.

The defendant understands that this agreement imposes no limitation as to fine.

2.    Supervised Release

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.   Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4.   Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.   Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises

Defendant's Initials _NB_                     13

that his financial statement and disclosures will be complete, accurate and

truthful and will include all assets in which he has any interest or over which

the defendant exercises control, directly or indirectly, including those held by

a spouse, dependent, nominee or other third party. The defendant further

agrees to execute any documents requested by the United States needed to

obtain from any third parties any records of assets owned by the defendant,

directly or through a nominee, and, by the execution of this Plea Agreement,

consents to the release of the defendant's tax returns for the previous five

years. The defendant similarly agrees and authorizes the United States

Attorney's Office to provide to, and obtain from, the United States Probation

Office, the financial affidavit, any of the defendant's federal, state, and local

tax returns, bank records and any other financial information concerning the

defendant, for the purpose of making any recommendations to the Court and

for collecting any assessments, fines, restitution, or forfeiture ordered by the

Court. The defendant expressly authorizes the United States Attorney's Office

to obtain current credit reports in order to evaluate the defendant's ability to

satisfy any financial obligation imposed by the Court.

6. · <u>Sentencing Recommendations</u>

It is understood by the parties that the Court is neither a party to

nor bound by this agreement. The Court may accept or reject the agreement,

Defendant's Initials _*RB*_____        14

or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

    7.    <u>Defendant's Waiver of Right to Appeal the Sentence</u>

        The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground

Defendant's Initials _*rib*_         15

that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8.    <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.    <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.   <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant

pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.     Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt:

FACTS

From unknown date through October 2019, the defendant used the Internet, a means and facility of interstate and foreign commerce, to knowingly receive child pornography, defined as one or more visual depictions of a minor engaged in sexually explicit conduct. The defendant also possessed child pornography that he had downloaded. The defendant downloaded child pornography over the Internet via a peer-to-peer network

Defendant's Initials _RB_                                18

and other means, stored the child pornography on his computer and other electronic devices, and viewed the child pornography.

In September 2019, a law enforcement computer detected what appeared to be several requests to download known child-pornography videos from a device with a certain IP address. Law enforcement officers learned that the IP address assigned to that device was associated with the address of a certain residence in Nokomis, Florida, an address at which the defendant resided by himself. On October 24, 2019, law enforcement officers executed a federal search warrant at that address, seized various electronic devices, and interviewed the defendant.

One of the electronic devices was a Dell desktop computer (serial number CC77K02) in the defendant's living room. At the time of the search, the computer was connected to the Internet, actively operating peer-to-peer software, and was downloading files with names consistent with child pornography, including one with the same title as a known series of child pornography videos. The defendant had used this computer to download multiple child-pornography files over the Internet. Among those files was an image saved on his computer titled "DSC_9393.jpg," which depicted a prepubescent, roughly ten-year-old girl on a bed spreading her legs with her

Defendant's Initials _RB_          19

hands, with her genitals exposed in a lascivious manner. The defendant had knowingly received this file via the Internet on April 5, 2019.

The electronic devices seized also included two Western Digital external hard drives (serial numbers WXN109NX2845 and WXD1A1452592) containing child pornography. One of these hard drives was connected to the desktop computer in the defendant's living room and contained an encrypted space that, because the encrypted space was open at the time of the search, law enforcement officers were able to access. These files include material portraying sadistic conduct and material involving prepubescent minors and minors under the age of 12. The defendant knowingly possessed these files in the encrypted space on that hard drive, which, as examples, include the following:

a.      A file titled "(Pthc) Vicky - The 107 Minutes Collection.mpeg." This file is a video approximately 1 hour, 47 minutes, and 39 seconds long. The video shows a nude prepubescent female approximately 8 years of age performing oral sex on an adult male. The adult male rubs the outside of the girl's vagina with his penis. The adult male penetrates the girl's anus with his penis and ejaculates. The video depicts the prepubescent female with her arms and legs bound with rope while an adult male receives oral sex

from her, the adult male performing oral sex on her while inserting a dildo in her anus, and then the adult male inserting his penis in her anus.

   b. A file titled "Tara 8Yo Full 0001.avi." This file is a video approximately 35 minutes and 15 seconds long. The video depicts a prepubescent female approximately 8 years of age lying naked on a bed. The female is wearing a mask over her eyes. She spreads her legs, exposing her vagina, and she fondles her vagina. At approximately 11 minutes and 18 seconds into the video, the female is penetrating her anus with her finger. At approximately 12 minutes and 31 seconds into the video, an adult male's penis penetrates the female's vagina or anus. At approximately 14 minutes and 14 seconds into the video, a man is penetrating the female's anus with a vibrator. At approximately 20 minutes and 15 seconds into the video, the female is performing oral sex on the man.

   c. A filed titled "Jenny_licked_by_dog.avi." This file is a video approximately 2 minutes and 6 seconds long. This video depicts the bondage of a nude prepubescent girl approximately 9 years of age, blindfolded and bound at the wrists and ankles to a bed with yellow rope. A yellow dog wearing an orange collar licks the girl's abdomen and vaginal area. An unidentified person rubs something on the girl's vagina. The girl simultaneously performs oral sex on an adult's penis.

Defendant's Initials _NB_       21

Review of this external hard drive also revealed a folder with the name of a child related to the defendant. The folder contains pictures of that relative with her face and breasts exposed, and the folder also contained pictures depicting female genitalia.

During the search, the defendant agreed to a voluntary interview. The defendant admitted that he owned and was the only user of the computer in his living room. He also admitted to operating a peer-to-peer network and to downloading and saving files on his computer. The defendant further admitted to having viewed child pornography images on his computer, although he claimed that he had only inadvertently downloaded child pornography and had subsequently deleted it.

12. <u>Entire Agreement</u>

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13.   Certification

The defendant and defendant's counsel certify that this plea
agreement has been read in its entirety by (or has been read to) the defendant
and that defendant fully understands its terms.

DATED this _2 9 /4_ day of _November_, 20_20_

                                    MARIA CHAPA LOPEZ
                                    United States Attorney

_____          _____
Robert Boehme                      Colin P. McDonell
Defendant                          Assistant United States Attorney

_____          _____
Damian M. Ozark  Peter Lombardo    Carlton C. Gammons
Attorney for Defendant             Assistant United States Attorney
                                   Acting Chief, Special Victims Section

23