IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,   CASE NO.: 8:19-cr-571-TPB-AEP

vs.

ROBERT BOEHME,
    Defendant.
_____/

## DEFENDANT'S SENTENCING MEMORANDUM

COMES NOW, the Defendant, ROBERT BOEHME, by and through his undersigned counsel, pursuant to Middle District Rule 3.01 and the Sixth Amendment of the United States Constitution and files this Sentencing Memorandum. As the Court is aware from the Presentence Investigation Report ("PSR"), Mr. Boehme's counts of conviction (Receipt of Child Pornography and Possession of Child Pornography) are Class C felonies. The PSR's recommendation of a Guidelines sentence is 480 months imprisonment. There is a minimum term of imprisonment of 5 years for each of these charges. For the reasons that follow, it is respectfully requested that this Court depart or grant a variance and impose a sentence below the advisory Guideline range. Further, Mr. Boehme objects to the Chapter Four plus five (+5) enhancement under USSG Sec. 4B1.5, specifically the increase of five levels for certain sex crimes in which none are what Mr. Boehme pled and as grounds states forth as follows:

## FACTS RELATING TO CHARGED CRIMINAL OFFENSE.

1. On November 26, 2019, a federal grand jury in the Middle District of Florida, Tampa Division returned a three-count indictment name Mr. Boehme as defendant. (Doc. 1).

2. On December 7, 2020, Mr. Boehme pled guilty pursuant to a plea agreement with the government. His sentencing hearing is set for May 11, 2021, at 1:30 p.m.

3. The PSR in this case calculates Mr. Boehme's total offense level as 44 (which is treated as a level 43) with a criminal history of I. (PSR at Para. 43, 60). Accordingly, Mr. Boehme is facing a sentencing range of 400 to 480 months prison (statutorily authorized sentence is 20 years however if the count carrying the highest statutory maximum is less than the total punishment then the sentence imposed on one or more of the other counts shall run consecutively which Department of Probation asserts can bring the total sentence to 480 months).

4. Mr. Boehme's sentence should be reduced based on an objection to the PSR calculation and the reasons written below and stated at his sentencing hearing.

## DEFENDANT'S BACKGROUND

Mr. Boehme relies on the background as written in his PSR. He will also testify to other matters that might be relevant for departures as referenced below. Mr. Boehme will be eluding on his extensive medical conditions and illness as well as need for medical treatment. One of his biggest conditions being state 3 to 4 cirrhosis of the liver (non-alcohol related).

## **LEGAL ARGUMENT.**

### **Analysis Under the Advisory Sentencing Guidelines:**

The PSR reflects a **Total Offense Level of 43** and Criminal History Category I. This is partly due to the +5 enhancement under USSG Sec. 4B1.5 (Chapter Four Enhancement). Mr. Boehme respectfully submits that the +5-level increase is not warranted in this case. Under said section, for this enhancement to be applicable, the defendant must have pled or been found guilty to certain covered sex crimes as instance offenses of conviction. Under the "commentary" section of said code, the covered sex crimes as instant offenses of conviction include the following: (A) an offense, perpetrated against a minor, under (i) chapter 109A of title 18, United States Code; (ii) chapter 110 of such title, not including trafficking in, receipt of, or possession of, child pornography, or a recordkeeping offense; (iii) chapter 117 of such title, not including transmitting information about a minor or filing a factual statement about an alien individual; or (iv) 18 U.S.C. § 1591; or (B) an attempt or a conspiracy to commit any offense described in subdivisions (A)(i) through (iv) of this note.

Mr. Boehme has not pled to any of these covered sex crimes listed in the commentary. Mr. Boehme had plead to receipt of child pornography and possession of child pornography-of which neither are listed in the sex crimes as instant offenses. Thus, Mr. Boehme objects to the +5-level enhancement and requests this honorable court reduce his level by five (5).

**The Sentencing Guidelines Cannot Restrict a Court's Discretion**

    a. **The Sentencing Guidelines Cannot Restrict a Court's Discretion**

A district court's discretion is no longer limited by the guidelines since its matrix is now considered merely advisory. *United States v. Booker,* 543 U.S. 220, 245-67. Indeed, it "has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Gall v. United States*, 552 U.S. 38, 53 (2007) (quoting *Koon v. United States,* 518 U.S. 81 (1996)).

It is abundantly clear that the district courts today enjoy "sizeable discretion" in sentencing. *United States v. Gall*, 552 U.S. at 56; *Untied States v. Pugh,* 515 F3d 1189-90 (11th Cir. 2008). Utilization of the Guidelines in a manner other than as an advisory tool violates the Sixth Amendment rights of a defendant. Any contention that the Guidelines enjoy a presumption of reasonableness has been rejected. *See Rita v. United States,* 551 U.S. 338, 351 (2007).

A district court now has the ability and authority to impose a sentence, merely "because the case warrants a different sentence…," regardless of the range determined by a Guidelines calculation. *Id.* The only requirement is that a court consider the Guidelines as a factor along with the other factors delineated in § 3553 (a) before reaching its final decision. *Kimbrough v. United States*, 522 U.S. 85 (2007). No extraordinary circumstances need be present, or any mathematical formula be employed before a below Guideline's sentence may be imposed. *Gall,* 552 U.S. at 47-58. Judge Tjoflat, writing for the Court in *United States v. Glover*, 431 F.3d 744, 752-53 (11th Cir. 2005), recognized that in some cases, the Guidelines may have little persuasive effect in light of the § 3553 (a) factors:

Although 'judges must still *consider* the sentence range contained in the Guidelines,… that range is now nothing more than a suggestion that may or may not be persuasive…when weighed against the numerous considerations listed in [Section 3553(a)].' *United States v. Glover,* 431 F.3d 744, 752-53 (11th Cir. 2005).

Consistent with this, the Eleventh Circuit recently stated, "that there is a range of choices for the district court, and so long as its decision does not amount to a clear error of judgment we will not reverse even if we would have gone the other way had the choice been ours to make." *United States v. Jordan,* F.3d 1239, 1249 (11th Cir. 2009).

A sentencing court, then, has not only the power, but also the responsibility, to mold an appropriate sentence-taking each and every defendant into account as an individual. The sentencing decisions made by the Court trump the sentencing guidelines.

**B.     The § 3553 Factors Applied to Mr. Boehme's Case**

The goal of sentencing is to impose the least onerous sentence consistent with the purposes of sentencing, which Congress has identified as punishment, deterrence, incapacitation, and rehabilitation. 18 U.S.C. § 3553(a) (providing that a court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing).

To achieve these ends, § 3553(a) requires sentencing courts to consider not only the advisory Guidelines range, but also the facts of the specific case through the lends of seven factors, including:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant;
(2) The need for the sentence imposed—
    a. To reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense;
    b. To afford adequate deterrence to criminal conduct;
    c. To protect the public from further crimes of the defendant; and
    d. To provide the defendant with the needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) The kinds of sentences available;
(4) The kinds of sentence and the sentencing range established…;
(5) Any pertinent [Sentencing Commission} policy statement…;
(6) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) The need to provide restitution to any victims of the offense.

Against this backdrop of factors, a variance based on the § 3553(a) factors is warranted in Mr. Boehme's case.

**1.     The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant**

Although Mr. Boehme's crimes are serious, there are many mitigating factors attendant to these particular circumstances. Mr. Boehme has been a law-abiding, productive citizen since the time of this offense. The history and characteristics of Mr. Boehme also establish the appropriateness of a downward variance.

A defendant's need to financially provide for loved ones was recognized as a ground for the departure pursuant to U.S.S.G. § 5H1.6 by U.S. District Judge Thompson in *United States v. Rose*, 722 F. Supp. 2d 1286, 1290 (M.D. Ala. 2010). In *Rose*, a distribution case, the district court determined the defendant was entitled to a three-level downward departure based on the defendant's role as a financial supporter of his girlfriend and her child. 722 F. Supp. 2d at 1290. After finding the defendant was the primary source of income for his girlfriend and her disabled son, the court determined "[a] guideline sentence would have 'caused a substantial, direct, and specific loss of essential caretaking' to [the defendant's] family. *Id.* (citing § 5H1.6 cmt. N. 1(B)(i); *see also United States v. Kloda,* 133 F. Supp. 2d 345 (S.D.N.Y. 2001) (defendant convicted of a tax fraud of almost $400,000.00, received a downward departure to six months in jail due to family responsibilities); *United States v. Ingram,* 816 F. Supp. 26, 36 (D.D.C. 1993) (district court found a departure was warranted, where, among other things, the defendant was the sole support and source of guidance for his sons and sole financial support for his mother who lived with him).

Related to this, is the ability of this court to downwardly depart or vary from the Guidelines due to the combination of family and business circumstances affecting the defendant. In *United States v. Tomko,* 562 F.3d 558, 563, 574 (3d Cir. 2009), the Third Circuit affirmed the defendant's sentence for tax evasion that included probation and home detention in light of the defendant's lack for significant criminal history, acceptance of responsibility, and the potential loss of defendant's employee's jobs, among other factors. *Id.*; see also *United States v. Gayle,* Case No. 09-CR-358 (E.D.N.Y 2010) (an attorney convicted of mortgage fraud and scoring a Zone D sentence of 37-46 months imprisonment, was sentenced to five years' probation with the district court noting that the defendant was the primary source of support to her young child, her strong family connections, and that "had she had the proper start as an attorney" she probably

7

would have been successful and not involved in the crime charged.)

Also on topic is *United States v. Milikowsky,* 65 F.3d 4 (2d Cir. 1995), where the defendant was convicted of antitrust violations following a jury trial. Although this case preceded *Booker, Gall* and *Kimbrough*, the district court departed downward to a sentence of probation with a condition of house arrest after finding that Mr. Milikowsky's incarceration would have an "extraordinary impact" on his business and, consequently, his employees, given he was the only individual with the knowledge and skill to keep the business going on a daily basis. *Cf. United States v. Fishman,* 631 F. Supp. 2d 399 (S.D.N.Y. 2009) (court varied downward where, among other things, the defendant had important role at school where he worked.)

In addition, this court should consider the defendant's remorse as expressed through his immediate cooperation with authorities, quick plea of guilty, testimony at trial against his co-defendant's, and extraordinary acceptance of responsibility. In *United States v. Howe*, 543 F.3d 128, 135 (3d Cir. 2008), a wire fraud case, a sentence of probation with three months house arrest was imposed despite an advisory Zone D Guideline range of 18–24-month imprisonment. In affirming, the appellate court recognized the unique position of the district court to assess genuine remorse as part of the whole picture of a defendant. This unique role was noted by the Supreme Court in *Gall*: "the sentencing judge has access to, and greater familiarity with, the individual case and the individual defendant before him than the [Sentencing] Commission of the appeals court." *Gall*, 552 U.S. at 597-98 (quoting *Rita*, 551 U.S. at 357-58). Mr. Boehme's post crime conduct, particularly the ambition and dedication he has put forth in relation to the business, substantial assistance, and the care of others, is relevant and compelling.

Furthermore, Mr. Boehme's engrained network of support bodes well for Mr. Boehme's future prospects. A sentence imposed pursuant to a departure of variance will permit Mr. Boehme to continue to lead a productive and useful life and continue to rehabilitate himself. See *United States v. Nalley*, No. 10-CF-224, 2010 WL 3909468, at *2 (E.D.N.Y. Sept. 29, 2010) (imposing sentence of five months' probation where defendant pled guilty to conspiracy to distribute crack cocaine, for which he faced a mandatory minimum and Guidelines range of imprisonment between 70 and 87 months where defendant had "demonstrated a concerted effort to reform" by obtaining gainful employment)[1]

2. **The Need for the Sentence Imposed**

a-b. *to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct,*

Mr. Boehme will be presenting evidence under Dr. Harry Morgan. Mr. Boehme has been under his care to show he recognizes the seriousness of these crimes and understands he must be deterred from giving in to this illness.

---

[1] *See also United States v. Smith*, No. 08-CR-545, 2009 WL 971682. At *2 (E.D.N.Y. Apr. 2, 2009) (defendant facing five year statutory minimum and Guidelines range of 37-46 months sentenced to a year and a day due to his intelligent and thoughtful nature, taking responsibility for his actions, having a loving and supportive family, his intent to pursue rehabilitation, and his agreement to forfeit drug proceeds); *Untied States v. Remy*, No. 07-CR-5, 2008 WL 5458951, at *2 (E.D.N.Y. Dec. 24, 2008) (defendant facing mandatory minimum sentence and a Guideline range of 30-37 months sentenced to a year and a day based on his work ethic, absence of criminal history, and the unlikelihood that he would engage in further criminal activity).

      *c.*     *to protect the public from further crimes of the defendant;*

The need to protect the public from the future crimes of the defendant is going to be proven by the report from Dr. Harry Morgan. Based on his criminal category Mr. Boehme's recidivism rate should be low. *See* U.S. Sentencing Commission, *Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines*, at 12 (May 2004) (excerpt attached hereto as Exhibit 1). While the recidivism rate for all male offenders is 24.3%, Mr. Boehme is categorized in Criminal History Category I, which reflects a lower 15.2% rate of recidivism. *Id*. at 28. Mr. Boehme's employment (working some) further reduces any potential to recidivate, as evidenced by a 12.7% recidivism rate for Category I offenders who are employed. *Id*. at 29. Courts routinely take the unlikelihood of a defendant's re-offending into account when fashioning sentences, as this Court should here. *See, e.g., United States v. Hamilton*, 2009 WL 995576, at *3 (2d Cir. Apr. 19, 2009) (holding that the district court abused its discretion in that not taking into account considerations with regard to age recidivism not included in Guidelines).

      **d.**     **to provide the defendant with needed educational and vocational training, medical care or other correctional treatment in the most effective manner;**

Mr. Boehme is dedicated to the medical care and treatment he needs as is instructed by Dr. Morgan. Mr. Boehme is amenable to the psychological treatment he will be required to continue and participate.

### 3. The Kinds of Sentences Available

With the +5-enhancement reduced, this would place Mr. Boehme at a level 38. A review of the potential Guidelines range within any variance or downward departure shows a range of 235-260. With additional reductions, Mr. Boehme could be at a level where a 10-year sentence would be amenable.

### 4-5. The Kinds of Sentence and the Guidelines Sentencing Range Established and any Pertinent Sentencing Commission Policy Statements

Although the impact of the guidelines on a court's sentencing discretion has been discussed in Section I and II (A), *supra*, the critical question in Mr. Boehme case is the exact weight this Court should give to the Guidelines. As recognized in *Gall*, district courts "may not presume that the Guidelines range is reasonable." 552 U/S/ at 49; *Rita*, 551 U.S. at 351 ("[T]he sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply.") Thus, mitigating circumstances and substantive policy arguments that were formerly irrelevant in all, but the most unusual cases are now potentially relevant in every case.

Accordingly, this Court can consider a number of factors in determining Mr. Boehme's sentence, which will be discussed at the sentencing hearing.

### 6. The Need to Avoid Unwarranted Sentence Disparities among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct

Prior to the promulgation of the Guidelines, disparity in sentencing was common. *Mistretta v. United States,* 488 U.S. 361, 365 (1989). The Guidelines were designed, in part, to remedy this disparity. "Downward departure to equalize sentencing disparity is a proper ground for departure under the appropriate circumstances." *United States v. Daas*, 198 F.3d 1167, 1180-81 (9th Cir. 1999).

An appropriate resource to consider on the issue of sentencing disparity is the *U.S. Sentencing Commission Preliminary Quarterly Data Report,* 1st Quarter Release Through December 31, 2011, an excerpt of which is attached hereto as Exhibit 2. In this publication, sentences from around the country are compared and different variables noted. The need for a sentence of incarceration under the instant facts can be evaluated by comparing how similar cases have been treated in the circuit and nationally.

Table 1 reveals that of all the sentences, 44.4% of imposed sentences are below Guidelines, with 17.5% of these below Guidelines sentences being for reasons other than cooperation with the government, and 26.9% were government sponsored. Table 2, page 7, indicates that 26.4% of sentences imposed in the Middle District of Florida are below Guidelines levels based on *Booker*, and 17.9% are below Guidelines because of substantial assistance, meaning over 44% of all sentences imposed in the Middle District of Florida are at below Guidelines levels. Moreover, as Table 5, page 13 indicates, less than half of all sentences imposed nationwide under the applicable Guideline, § 2D1.1, are sentenced in accordance with the Guidelines. These statistics demonstrate that courts nationwide are imposing sentences below the Guidelines, and the same should be done in Mr. Boehme's case.

**7.    The Need to Provide Restitution to Any Victims of the Offense**

There is an agreed amount of restitution in this matter. The total restitution amount is $96,000.00. This should be factored in with regards to imprisoning Mr. Boehme compared to the needs of restitution of the victims.

## CONCLUSION

The circumstances presented in Mr. Boehme case justify a departure from the statutory minimum sentence. Because the decision in *Booker* has made the Guidelines advisory and the parsimony clause of 18 U.S.C. § 3353 (a) the paramount consideration, undersigned counsel respectfully submits that a sentence below the applicable and advisory Guideline range is appropriate in Mr. Boehme's case.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 10, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/CEF system which will send a notice of electronic filing to the following:  Mr. Francis Murray-US Attorney's Office-FLM; Francis.Murray2@usdoj.gov

*Peter James Lombardo, Esq.*
Peter James Lombardo, Esq.
1101 6th Avenue West
Suite 109
Bradenton, Florida 34205
941-747-6639
Lombardopeter38@yahoo.com